# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-3204 |
| LOWE'S HOME CENTERS, LLC; HOME DEPOT U.S.A., INC.; and HOME DEPOT PRODUCT AUTHORITY, LLC, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Design Ideas, Ltd.'s (Design Ideas) Motion for Leave Under Rules 15(a) and 20 to File a Second Amended Complaint and Memorandum in Support (d/e 31) (Motion). Defendant Lowe's Home Centers, LLC (Lowe's), has not responded to the Motion, and so, is presumed to have no opposition to the Motion. Local Rule 7.1(B)(2). Defendants Home Depot U.S.A., Inc. and Home Depot Product Authority, LLC (collectively Home Depot) oppose the Motion. For the reasons set forth below, the Motion is ALLOWED.

BACKGROUND

Design Ideas filed this action on August 12, 2020 against Lowe's for patent infringement and related claims for selling wire baskets that Design Ideas alleges infringe on several of Design Ideas' patents.  Complaint (1). On December 8, 2020, Design Ideas amended the Complaint once as a matter of course to add Home Depot as additional defendants.  Text Order entered December 8, 2020; First Amended Complaint (d/e 14).   Lowe's has filed a Motion to Dismiss the First Amended Complaint (d/e 16) (Motion to Dismiss).  The Motion to Dismiss is pending.

On December 17, 2020, Knape & Vogt Manufacturing Company (K&V) filed an action against Design Ideas in the United States District Court for the Western District of Michigan, W.D. Mich. Doc. No. 1:20-cv-1216 (Michigan Action).  K&V manufactures the allegedly infringing wire baskets that are sold by Lowe's and Home Depot.  K&V seeks a declaratory judgment of non-infringement in the Michigan Action.  Design Ideas has moved to dismiss the Michigan Action or transfer the action to this Court.  See Opposition to Plaintiff's Motion for Leave Under Rules 15(a)(2) and 20 to File a Second Amended Complaint (d/e 33) (Opposition), at 2.  Design Ideas has argued in the Michigan case that K&V's commencement of the Michigan action "was a 'tardy end run' and

'procedural maneuvering,' and Knape & Vogt 'did not act expeditiously or candidly.'" Opposition, at 2 (quoting Opposition exhibit 1 Design Ideas' Pre-Motion Conference Request for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction or in the Alternative, to Transfer Under 28 U.S.C. § 1404(a), at 4.).

On February 8, 2021, Home Depot answered the First Amended Complaint and filed counterclaims against Design Ideas.  Defendant Home Depot U.S.A., Inc., and Home Depot Product Authority, LLC's Answer to First Amended Complaint, Affirmative Defenses, and Counterclaims (d/e 30).  Home Depot served an offer of Judgment on Design Ideas, and on February 19, 2021, served an amended offer of Judgment on Design Ideas. Design Ideas did not respond to the offer of judgment or the amended offer of judgment and 14 days have passed.  Opposition, at 3; see Fed. R. Civ. P. 68(a) and (d).

On February 25, 2021 Design Ideas filed the Motion.  The Motion seeks to add Menard Inc. (Menards) as an additional defendant.  Design Ideas does not seek to change any claims against Lowe's or Home Depot. See Motion, at 2, and Exhibit 1 proposed Second Amended Complaint.  No discovery has occurred in this case and no Rule 26(f) conference has

occurred.  Motion, at 2; see Fed. R. Civ. P. 26(f)(1).  Home Depot opposes the Motion.

## ANALYSIS

This Court should freely give leave to amend pleadings when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Courts may deny requests to amend only in circumstances that demonstrate "undue delay, bad faith or dilatory motive on the part of the movant, …, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).  Design Ideas has filed the Motion at the early stages of this proceeding.  Lowe's Motion to Dismiss is pending, discovery has not commenced, and the parties have not yet conducted the Rule 26(f) conference.  Design Ideas has filed a Motion for Rule 16 Conference (d/e 34), but that motion is pending and no conference has been held.  Further, the proposed amendment alleges the same claims against Menards for selling the same wire baskets.  The proposed amendment, therefore, does not add any new legal or factual issues that would affect the existing parties.

Design Ideas also clearly may join Menards as a Defendant.  A plaintiff may join defendants in a single action if the plaintiff alleges any right to relief arising out of the same series of transactions or occurrences

and if any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2).  Design Ideas' claims arise from Menards, Lowe's, and Home Depot's sale of the same allegedly infringing baskets, and Design Ideas' claims against Menards, Lowe's, and Home Depot raise questions of law and fact common to all defendants.

Home Depot argues that the Court should deny the Motion because "there is evidence of undue delay, dilatory motive, and prejudice." Opposition, at 3.  The Court disagrees.  Home Depot notes that Design Ideas' argued in the Michigan Action that K&V's filing of the Michigan Action "was a 'tardy end run' and 'procedural maneuvering,' and Knape & Vogt 'did not act expeditiously or candidly.'" Opposition, at 3.  Home Depot argues that Design Ideas seeks to take an inconsistent position here by filing this "tardy" Motion.  The Court sees no inconsistency that would preclude Design Ideas from filing the Motion.  In the Michigan Action, Design Ideas was not challenging a motion for leave to amend pleadings under Rule 15.

Home Depot argues that Design Ideas is acting in bad faith to delay disposition of this case.  The Court sees no merit to this argument.  This matter is at the very early stages.  Lowe's Motion to Dismiss is still pending.  Lowe's has not answered so the case is not even at issue.  The parties

have not conducted the Rule 26(f) conference and have not commenced discovery.  The Motion will not result in any material delay.  Home Depot argues that Design Ideas filed the Motion to delay this matter until after the Court in the Michigan Action rules on Design Ideas' motion to dismiss or transfers that action.  This is pure speculation.  Home Depot also fails to explain why Design Ideas would want to delay this proceeding to have its motion in the Michigan Action resolved first.  The Court sees no evidence of bad faith.

Home Depot argues that it will be prejudiced because it will be required to file an amended answer.  The cost to file an amended pleading is minimal given that the allegations against Home Depot have not changed.  Further, Home Depot served an offer of judgment to which Design Ideas did not respond within 14 days.  If Home Depot is correct in its estimate of the value of this case, Design Ideas will be required to reimburse Home Depot for the cost to file an amended pleading.  Fed. R. Civ. P. 68(d).  Home Depot fails to show any material prejudice by allowing the Motion.

Home Depot finally states without authority that Design Ideas must show good cause to amend the First Amended Complaint and join Menards as a Defendant.  <u>Opposition</u>, at 5.  Rules 15 and 20 do not require proof of

good cause to amend pleadings or join parties. Fed. R. Civ. P. 15(a); 20. The Court will not impose such a requirement.

THEREFORE, IT IS ORDERED that Plaintiff Design Ideas, Ltd.'s Motion for Leave Under Rules 15(a) and 20 to File a Second Amended Complaint and Memorandum in Support (d/e 31) is ALLOWED. The Clerk is directed to file the proposed Second Amended Complaint attached to the Motion. Existing Defendants are directed to respond to the Second Amended Complaint by April 1, 2021. Defendant Menards must respond within the time required by Fed. R. Civ. P. 12(a). Defendant Lowe's Home Centers, LLC's Motion to Dismiss (d/e 16) will be deemed to be moot unless specifically revived within 14 days of service of the Second Amended Complaint. Local Rule 7.1(E).

ENTER: March 16, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE